```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                  Criminal No. 11-cr-034-01-PB

Carlos Perez


**ORDER OF DETENTION PENDING TRIAL**


In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on March 18, 2011, for the purpose of determining whether to detain the defendant. Defendant filed under seal a motion for release in advance of the hearing. The court issued its detention order orally from the bench. This written order summarizes (and partially amends) the court's findings and rulings from the bench.

**Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invokes § 3142(f)(1)(E), asserting that a detention hearing is warranted because the defendant is charged with a felony that is not otherwise a crime of violence but involves possession of a firearm.

In this case, the defendant is charged by indictment with the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  That charge satisfies the parameters of § 3142(f)(1)(E), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or

the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight."  Dillon, 938 F.2d at 1416.

### Findings and Rulings

The government relied on the nature of the charge against the defendant to argue that section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case.  See 18 U.S.C. § 3142(e)(2)(A). The defendant did not dispute the applicability of the rebuttable presumption.  Although the court referred to the presumption during

the hearing, on closer examination, the court does not agree that the presumption applies in this case.

Nonetheless, even without the statutory presumption, the court's conclusion is the same.  For the reasons stated below and on the record, and after considering the proffers of counsel, defendant's motion for release, and the factors set forth in 18 U.S.C. § 3142(g), the court finds that defendant's release, even on strict conditions, presents an unacceptable risk of danger to the community.

Specifically, with respect to dangerousness, the court weighed the following:

- <u>The nature and circumstances of the offense charged.</u>  The underlying charge alleges that defendant was a felon in possession of multiple firearms.

- <u>The weight of the evidence against the defendant.</u>  The weight of the evidence against the defendant is extremely strong.  When questioned by the ATF agent, the defendant admitted that he possessed the firearms in question.

- <u>Defendant's criminal record.</u>  The defendant's record is extensive and reveals, as described by the government, a "continuous stream" of criminal conduct.  Recently, defendant's crimes have been more serious.  Since 2008, defendant has been convicted of burglary, multiple

forgeries, and a violation of probation.  He has served jail time on these charges and received suspended prison sentences as well.

- <u>Defendant's drug use.</u>  Defendant has a history of drug use that appears to have gone untreated, and it may be more serious than defendant has admitted to pretrial services.

- <u>Unstable Residence.</u>  Although the defendant has a temporary residence available to him, it is clear that the situation is far from stable.  Defendant's former girlfriend (and mother of his two children) is willing but reluctant to permit defendant to stay with her.  She is no longer in a relationship with defendant and does not want to pursue a future with him.  She has described her relationship with defendant as "tumultuous" and having caused her "undue stress."  Recently, defendant threatened suicide if he could not be in a relationship with her.  The unstable residence coupled with defendant's history of crime presents a significant risk factor.

On the basis of the foregoing, the court finds that the government, without the benefit of the presumption, met its burden to prove that there are no conditions or combination of conditions

that will reasonably assure the safety of the community were the court to release the defendant.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

    **SO ORDERED.**

                                                                               _____
                                                                               Landya B. McCafferty
                                                                               United States Magistrate Judge

Date: March 21, 2011

cc:   Jonathan R. Saxe, Esq.
      Debra M. Walsh, Esq.
      U.S. Marshal
      U.S. Probation